IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Nathanael L. Reynolds, | ) | C/A No.: 4:15-2667-MGL-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Assistant Solicitor Tyler B. Brown; | ) | REPORT AND RECOMMENDATION |
| Assistant Solicitor Kimberly V. Barr; | ) | |
| and Head Solicitor Earnest A. Finney, III, | ) ) | |
| | ) | |
| Defendants. | ) ) | |

Nathanael L. Reynolds ("Plaintiff"), proceeding pro se and in forma pauperis, is a pretrial detainee currently incarcerated in the Charleston County Detention Center. Plaintiff filed this action against Head Solicitor Earnest A. Finney, III ("Finney") and Assistant Solicitors Tyler B. Brown ("Brown") and Kimberly V. Barr ("Barr") (collectively "Defendants"), alleging violations of his constitutional rights. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(f) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I.  Factual and Procedural Background

Plaintiff claims on July 16, August 28, and September 25, 2014, Brown violated his constitutional rights. [ECF No. 1 at 3]. Plaintiff argues he did not waive his right to a

preliminary hearing and alleges he was not indicted by a competent grand jury. *Id.* Plaintiff claims Brown violated South Carolina procedural rules when he asked for several deferrals of Plaintiff's preliminary hearing. *Id.* Plaintiff contends his due process rights were violated when (1) Plaintiff was not permitted to proceed pro se when his counsel arrived late for his preliminary hearings and (2) Plaintiff was not permitted to be present at his preliminary hearing on September 28, 2014. *Id.* at 4. Plaintiff claims he told Brown on August 28, 2014, "he was confident enough to proceed pro se but ('Brown') committed constitutional errors that cannot be looked upon as 'harmless error.'" *Id.* Plaintiff argues no witnesses appeared at his preliminary hearings on July 16 or August 28, 2014. *Id.* at 4. Plaintiff alleges his "right to confrontation" was violated. *Id.* at 5. Plaintiff states his preliminary hearing was rescheduled for September 25, and Brown delayed this hearing. *Id.* at 5. Plaintiff argues he wrote Barr and Finney, but states he did not receive any assistance. *Id.* at 5–6. Plaintiff claims Brown failed to adequately train and control the assistant solicitors. *Id.* at 6. Plaintiff seeks monetary damages and injunctive relief. *Id.* at 8–9.

II.     Discussion

    A.     Standard of Review

Plaintiff filed this complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28

U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Allison v. Kyle*, 66 F.3d 71, 73 (5th Cir. 1995).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.     Analysis

This is the second complaint Plaintiff has filed against these Defendants concerning his July 16, August 28, and September 25, 2014, preliminary hearings. *See Reynolds v. Brown,* C/A No. 4:15-865-MGL (D.S.C. Feb. 26, 2015) (dismissed without

3

prejudice and without issuance and service of process on Jun. 30, 2015).[1] As in Plaintiff's prior case, Plaintiff sues Defendants for actions associated with the prosecution of his state criminal charges, including causing his preliminary hearings to be continued three times. Prosecutors have absolute immunity for activities in or connected with judicial proceedings, such as a criminal trial, bond hearings, bail hearings, grand jury proceedings, and pretrial motions hearings. *See Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Dababnah v. Keller-Burnside*, 208 F.3d 467 (4th Cir. 2000). Accordingly, Plaintiff's claims against Defendants are subject to summary dismissal.[2]

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the court dismiss this case without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

August 6, 2015                                              Shiva V. Hodges
Columbia, South Carolina                            United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[1] A district court may take judicial notice of materials in the court's own files from prior proceedings. *See United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992) (holding that the district court had the right to take judicial notice of a prior related proceeding); *see also Fletcher v. Bryan*, 175 F.2d 716 (4th Cir. 1949).

[2] To the extent Plaintiff also asserts state law claims, Plaintiff has failed to allege any other basis for the court's jurisdiction, and the court is therefore without jurisdiction to consider such claims.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).